UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIMEE DAY,

    Plaintiff,

v.                                                                                                  CASE NO.:

UNITED HEALTHCARE
SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Aimee Day, by and through undersigned counsel, brings this action against Defendant, United Healthcare Services, Inc., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims. Venue is proper in this

district because Defendant operates its business in Pinellas County, which is in this district.

## PARTIES

3. Plaintiff is a resident of Polk County, Florida, and she worked in Pinellas County.

4. Defendant operates a healthcare business in Pinellas County, Florida.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, ADA, and FCRA, and then retaliated against Plaintiff for exercising these same rights.

6. Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began working for Defendant on or around February 2020 as a Clinical Coordinator.

15. In or around March 2021, Plaintiff suffered from serious health conditions within the meaning of the FMLA.

16. Specifically, Plaintiff was in a major motor vehicle accident on March 10, 2021, and was in need of time off to heal through September 5, 2021.

17. Plaintiff intended to utilize both FMLA and a leave of absence through September 5, 2021.

18. Defendant originally did not oppose of Plaintiff's requested absence through September 2021.

19. Subsequently, on or about August 2021, Plaintiff contracted COVID-19 and suffered severe illness and complications including being hospitalized, a collapsed lung, an enlarged heart, and continued use of oxygen.

20. Plaintiff sought an additional three weeks of leave based on her physician's advice.

21. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

22. At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

23. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

24. Plaintiff's disability also qualified as a handicap under the FCRA, and as such, Plaintiff is a member of a protected class under the FCRA.

25. Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

26. On or about September 19, 2021, Plaintiff received a call from her boss who informed her that a meeting was held to discuss all employees on leave, including Plaintiff, and that she was selected for termination.

27. On or about September 19, 2021, Plaintiff's employment was terminated for a pre-textual reason.

28. Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

29. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

30. Defendant discriminated against Plaintiff for her disability or being perceived as such when it denied her request for a reasonable accommodation, failed to engage in the interactive process, and ultimately terminated her employment.

31. Defendant retaliated against Plaintiff for having asked for a reasonable accommodation by terminating her employment.

## COUNT I – FMLA INTERFERENCE

32. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 7-8, and 11--31 of this Complaint, as fully set forth herein.

33. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

34. By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

37. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-5, 7-8, and 11-31 of this Complaint, as fully set forth herein.

38. Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

39. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

40. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

41. Defendant's actions were willful and done with malice.

42. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant;

    (c) Compensation for lost wages, benefits, and other remuneration;

    (d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of

> Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III –ADA VIOLATION
## (DISABILITY DISCRIMINATION)

43. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 9, and 11-31 of this Complaint, as though fully set forth herein.

44. Plaintiff is a member of a protected class under the ADA.

45. Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

46. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT IV—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

49. Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 9, and 11-31 of this Complaint, as though fully set forth herein.

50. Plaintiff is disabled, or was perceived by Defendant as being disabled.

51. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

52. Defendant's actions were willful and done with malice.

53. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

    h)     Prejudgment interest on all monetary recovery obtained;

    i)     All costs and attorney's fees incurred in prosecuting these claims; and

    j)     For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

54. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 9, and 11-31 of this Complaint, as though fully set forth herein.

55. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

56. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

57. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

58. Defendant's actions were willful and done with malice.

59. The adverse employment action that Defendant took against Plaintiff was material.

60. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

### COUNT VI – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

61. Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 10-31 of this Complaint, as though fully set forth herein.

62. Plaintiff is a member of a protected class under the FCRA.

63. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

64. Defendant's actions were willful and done with malice.

65. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT VII—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

66. Plaintiff realleges and readopts the allegations of Paragraphs 1-5 and 10-31 of this Complaint, as though fully set forth herein.

67. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

68. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

69. Defendant's actions were willful and done with malice.

70. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

    **WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issues and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of the law enumerated herein;

    d)    Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA RETALIATION

71. Plaintiff realleges and readopts the allegations of paragraphs 1-5 and 10-31 of this Complaint, as though fully set forth herein.

72. Plaintiff is a member of a protected class under the FCRA.

73. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

74. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

75. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

76. Defendant's actions were willful and done with malice.

77. Defendant took material adverse action against Plaintiff.

78. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    f) Front pay;

    g) Any other compensatory damages, including emotional distress, allowable at law;

    h) Punitive damages;

    i) Prejudgment interest on all monetary recovery obtained.

    j) All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 19th day of September 2022.

    Respectfully submitted,

*Amanda E. Heystek*
_____
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**DANIEL E. KALTER**
FLORIDA BAR NO.: 1025094
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-379-2560
Facsimile: 813-229-8712
Email: aheystek@wfclaw.com
Email: dkalter@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**